LYNCHARD v. STATE.

(Division B. Dec. 5, 1938.)

[184 So. 805. No. 33480½.]

692

H. F. Jones, of Belzoni, for appellant.

694

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

696

**McGehee, J.,** delivered the opinion of the court.

Upon a search made of the person of the appellant by the Sheriff of Humphreys County an assortment of intoxicating liquor was found concealed beneath his coat and shirt, and for the possession of which he was later tried, convicted and sentenced to pay a fine of $150 and serve a term of three months in the county jail. At the time of the search, the appellant had been taken into custody on a warrant issued by a justice of the peace for his arrest for "disturbing peace," and based on an affidavit made against him by the sheriff in which it was charged that he disturbed "the peace in the City of Belzoni, Mississippi." The question of whether the evidence as to the possession of intoxicating liquors was admissible on the trial of that charge depends on whether or not the appellant was under lawful arrest at the time of the search of his person, since there is no authority for searching one's person under any other circumstances.

Where some offense known to the law has been committed, or is said to have been committed, and the affidavit is merely insufficient to charge such offense against the accused, an officer may lawfully execute a warrant for his arrest without being required to inquire into the the sufficiency of such affidavit. More frequently the affidavit is made by a third person and the sheriff is not advised as to whether it charges an offense known to the law. However, where, as in the case at bar, no contention is made that the sheriff who made the affidavit had information that the appellant had disturbed the peace of a family or had committed any other offense punishable by law, but had merely been informed, as disclosed by his testimony, that appellant had disturbed two persons not named in the affidavit, and where it was

not revealed as to how they had been disturbed or by what conduct on the part of the appellant, we do not think that the arrest was lawful. We must assume that the sheriff, as chief law enforcing officer of the county, knew that a general charge of having disturbed the peace in the City of Belzoni is not punishable as a crime. If a person may be thus accused in general terms and taken into custody with authority to search his person by the officer making the charge, then the constitutional guarantee against such unlawful searches would be rendered impotent as a safeguard of the rights and liberties of a citizen.

The evidence obtained by the search was duly objected to on the trial, and the objection was renewed by motion on behalf of the appellant for a peremptory instruction. The instruction should have been granted.

Reversed and judgment here for the appellant.