TILLERY et al. *v.* VINES et al.

No. 41906 June 12, 1961 131 So. 2d 191

*Carl A. Chadwick,* Natchez; *Joe Upton,* Gloster; *Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellants.

*Richard T. Watson,* Woodville, for appellees.

Etheridge, J.

This is in essence a lawsuit involving the location and ownership of sixty acres of land adjacent to the Homochitto River in Wilkinson County. It would serve no purpose to set forth the lengthy prior litigation between the parties, the respective sources of title, the pleadings in the instant action, and the varying descriptions of these irregular tracts of land constituting the sixty acres. We have studied carefully the record and briefs, and

conclude the decree of the chancery court should be affirmed.

Appellants and appellees, respectively, relied on surveys of these lands made by different surveyors. The trial court accepted that made by Campbell, who testified for appellees, defendants below. Appellants admitted in their answer to the cross bill that Vines owned sixty acres in sections 43 and 9; he and his family had been living on this land as their homestead since 1935; and the 1955 decree in favor of appellants should be set aside insofar as the injunction therein pertained to the sixty acres owned and occupied by Vines as his homestead.

██ █ Appellees' surveyor testified that, after Vines is allotted on the ground the acreage owned by him in these sections, there is no area left for appellants' claimed lands. Appellants concede that their chain of title requires Vines to be first allotted his acreage. The 1955 decree, upon which these contempt proceedings were based, also recognized that fact. Hence the trial court's decree in effect held that appellees had not violated the 1955 decree, since they had not trespassed on any lands owned by appellants. The great weight of the evidence supports this finding. The testimony shows that the 1917 sheriff's execution deed, through which appellants claim, attempts to describe lands in this section which are nonexistent, after Vines has been given his interest, without upsetting property lines established and accepted for over forty years. Moreover, the equities are all in favor of Vines. He and his predecessors have been using and occupying this land as a homestead since at least 1917. Appellants have exercised no continuous possession over it.

 █ Vines was charged with violating the 1955 decree, which excepted from its terms the sixty acres owned by him. The bill asked for a contempt citation and statutory penalties for cutting trees. Vines had the right to show that he cut trees only on lands owned by

him which were excepted from the area described in the 1955 decree. The burden of proof to establish the fact that a contempt has been committed is on the party asserting it, but, if the defendant claims an exception stated in the injunction, the burden is on him to bring his acts within the exception. 43 C. J. S., Injunctions, Sec. 273. ■■■ The great weight of the evidence supports the finding that Vines did this. Defendants properly raised the issue as to whether they in fact violated the injunction. The court was amply warranted in finding they had not. 43 C. J. S., Injunctions, Sec. 272. Their evidence identified and located the land adjudged to be vested in Vines by the 1955 decree. This was proper. 49 C. J. S., Judgments, Sec. 80; 50 C. J. S., Judgments, Sec. 834.

The appellants, in their answer to the cross bill, admitted that Vines owned sixty acres of land in sections 43 and 9, and the 1955 decree in their favor should be set aside insofar as it pertained to the sixty acres which are owned and occupied by Vines as a homestead. Consequently, since the evidence showed that, after Vines had been allotted his acreage, the lands, for which appellants made claim under the 1917 sheriff's execution, did not exist, it follows that the court did not err in dissolving the injunction and setting aside the decree of 1955.

Appellees' counsel have filed a suggestion of the death of Luther Vines since entry of the final decree in the chancery court, and a motion by the heirs at law of Luther Vines, who died intestate, to revive this cause in their name. That motion is sustained.

Motion to revive in names of heirs of appellee Luther Vines, sustained; and on the merits, affirmed.

*Lee, P. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.