ETHRIDGE, Chief Justice:
This is an appeal from the Chancery Court of Pontotoc County, which held that B. C. Ferguson was in criminal contempt of court for willfully violating the terms of a prior decree enjoining him from violating the state prohibition laws upon certain described premises. Miss.Code 1942 Ann. § 2646 (1956). The trial court ordered him to pay a fine of $2,000, by forfeiture of a bond previously entered into with two sureties (also appellants), and to serve a ninety-day term in the county jail.
Pontotoc County has elected to remain under the prohibition laws of the state. The District Attorney, the City Attorney and Chief of Police of Pontotoc filed an original bill of complaint, asking the court to issue a temporary injunction without notice, restraining Ferguson and others from further conducting the unlawful business of possessing and selling intoxicating liquors on the premises particularly described, commonly known as the Hilltop Service Station. The bill charged that Ferguson and his employees possessed and sold intoxicating liquors on this property. On September 13, 1968, a temporary injunction was issued against B. C. Ferguson and others, requiring each to enter into a bond of $2,000, conditioned that the obli-gors would not violate the state prohibition laws for two years on the described premises. Later the chancery court made the temporary injunction permanent.
On June 26, 1969, the state by the district attorney and sheriff filed a petition asking that B. C. Ferguson be cited for contempt of court and required to show cause why his bond should not be forfeited.
After a hearing, the chancery court held: Ferguson owned the property known as the Hilltop Service Station; that he was the owner and operator of the station and Walter Paden, his 22-year-old son-in-law, worked for him; Ferguson’s efforts to place Paden in charge of the premises were “a sham and subterfuge”; and that Ferguson was responsible for acts done in violation of the injunctive decree. Possession of liquor on the premises was shown by admissible evidence. Ferguson furnished “the premises, the money, the brains and the organization to operate the business * * * and the overseeing of a large whiskey business.” Intoxicating liquor had been kept on the premises subsequent to and in violation of the injunction. The specific times when officers found intoxicating liquors possessed on this property were November 6, 1968, January 17, 1969, April 11, 1969, and April 18, 1969. On these dates, the court held, a number of bottles of liquor, carried in jackets with pockets, were taken from the persons of Walter Paden and Bobby Rex Holloway.
In a proceeding for criminal contempt of court, the evidence must establish respondent’s guilt beyond a reasonable doubt. Jenkins v. State, 242 Miss. 627, 136 So.2d 205 (1962). Moreover, the statute requires this Court to consider de novo in contempt cases the sufficiency of the evidence to support a finding of criminal contempt. Miss.Code 1942 Ann. § 1152 (1956).
The trial court was justified in finding that Ferguson was not only the owner but also the operator and manager of the Hilltop Service Station. There were some slight conflicts in the evidence in this respect, but the great weight of it supports that finding beyond a reasonable doubt.
The difficult question is whether there is sufficient constitutionally admissible evidence in the record to support the chancery court’s findings, that beyond a reasonable doubt Ferguson willfully violated the injunctive decree by possessing intoxicating liquors on the premises. After careful consideration of the record, we conclude that there is not sufficient competent evidence to support that holding.
*636 Therefore the decree is reversed, and appellant is discharged from the particular charges that he was in contempt of court on the dates in question.
The November 6, 1968, event was based upon an arrest warrant for Bobby-Rex Holloway. The warrant is indefinite and charges no identifiable offense: “False pretense to Dale Walton.” It was issued by a justice of the peace of Lee County, addressed to the sheriff of Lee-County, and served in Pontotoc County by Pontotoc County officers on Holloway at the Hilltop Service Station. Several bottles of liquor were found on the person of Holloway. We will assume but not decide that this service out of the district and county of the justice of the peace is permissible, although it is of doubtful validity. See Miss.Code 1942 Ann. § 2475 (1956). There are many different kinds of “false pretense” as a criminal offense. The charge is unconstitutionally vague. Lynchard v. State, 183 Miss. 691, 184 So. 805 (1938). Moreover, the state offered no affidavit supporting this indefinite offense, and no probable cause was shown for issuance of the arrest warrant. 5 Am.Jur.2d Arrest § 13 (1962).
On January 17, 1969, the officers were armed with a warrant for the arrest of Walter Paden. It was issued by a justice of the peace of Pontotoc County, charging him with the “possession of intoxicating liquors.” Paden fled from the service station and when arrested had several bottles of liquor in a jacket he was wearing. Although proper objection was made by defendant’s counsel, no affidavit supporting the arrest warrant was produced and no probable cause whatsoever for this arrest was shown. Mississippi Constitution 1890 section 23 and United States Constitution Amendment IV require probable cause for an arrest. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).
On April 11 and April 18, 1969, based on affidavits by the sheriff before a justice of the peace, search warrants were issued for a search of the Hilltop Service Station. On their execution no intoxicating liquor was found on the premises, but in each instance the person of Walter Paden was searched and liquor was found in his whiskey jacket. In each incident the affidavit for search warrant stated the identical underlying facts and circumstances allegedly constituting probable cause for issuance of the search warrant:
1. Court Record of Whiskey Violations.
2. Intoxicating Beverages being found on previous searches.
3. Complaints of wives who said they were with their husbands when purchases were made at this place.
4. Court injunction against intoxicating beverages.
These affidavits for the two search warrants are fatally defective when measured by the standards of O’Bean v. State, 184 So.2d 635 (Miss.1966), and subsequent cases. Murphy v. State, 195 So.2d 519 (Miss.1967); Harkins v. State, 193 So.2d 133 (Miss.1966); Walker v. State, 192 So.2d 270 (Miss.1966). An affidavit for a search warrant must contain a statement of facts and circumstances upon which a disinterested and impartial magistrate would have reasonable basis to determine that probable cause existed for issuance of the search warrant. The existence of an asserted court record of whiskey violations and of the injunction against possession and sale of intoxicating beverages on these premises do not constitute probable cause for issuance of a subsequent search warrant. The alleged finding of intoxicating beverages on previous searches of these premises does not indicate that the previous searches were lawful, or when and how they were made. The complaints of unidentified wives do not reflect that these informers were credible. Moreover, on searches under the warrants issued pursuant to these affidavits, no intoxicating liquor was found on the physical premises.
*637 The search warrant for the premises did not authorize searches of the person of Paden. Cf. Miss.Code 1942 Ann. § 2470 (1956).
The state argues that appellant had no standing to attack the legality of the two arrest warrants and the two searches. Nevertheless, the state seeks to impose a severe criminal penalty upon Ferguson, and he was the owner and operator of the premises. He had standing to attack the use against him of these arrest and search warrants. Fuller v. State, 230 So.2d 213 (Miss.1970).
Reversed and appellant discharged.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.