RODGERS, Presiding Justice.
The Chancery Court of Pontotoc County, Mississippi, granted a temporary injunction against certain individuals, including the appellant Layton Sneed, enjoining him and them from the violation of the Mississippi liquor laws and requiring the appellant to enter into bond conditioned upon the enjoining order that appellant would not violate the liquor laws of this state. The district attorney and other officials filed another petition in the Chancery Court of Pontotoc County, Mississippi, on April 12, 1971 requesting the chancellor to find the appellant in contempt of the two previous orders.
The state charged that appellant allowed alcoholic beverages to be sold on his premises, and that specifically on October 1, 1970, a half (%) pint of gin was sold for the sum of two dollars and fifty cents ($2.-50) to one Emogene Wiley. The appellant denied this charge in his sworn answer and also as a witness under oath.
The testimony as developed by the state was to the effect that the sheriff obtained a search warrant for the property shown on the land record of Pontotoc County, Mississippi, to be the property of defendant Sneed; that the sheriff and two Mississippi Alcoholic Beverage Control agents went to the building belonging to the appellant ; that they searched the entire premises; and that one of the ABC agents found fourteen (14) one-half (V2) pint bottles of intoxicating liquor behind the residence of the appellant. The liquor was located about six (6) feet from his residence in a sack in a garbage can within the fenced property of the defendant, but adjacent to a restaurant leased by a third party-
The petition requesting the court to find defendant guilty of contempt of court does not describe the property on which the defendant was enjoined from violating the liquor laws of Mississippi. If we assume, however, that the “premises described in said bill of complaint” as alleged in the petition to be a nuisance is the same property sought to be described in the affidavit for a search warrant, it must have been some “white frame house” approximately seven-tenths (%o) of a mile south of Pontotoc, Mississippi on highway No. 6, including its “appurtenances and approaches.”
The affidavit, on which a search warrant permitting the officers to search the home and premises of appellant was issued, states as follows :
“2. That affiants believe, or have reason to believe the foregoing to be true because: (be specific and particular)
1. In and out traffic of heavy drinkers.
2. Find of Whiskey, Gin, & Vodka within a few feet of property line.
3. Information from a person who has given truthful information in the past that gin is being sold at this house.
4. Record of past violations.”
The appellant objected to the introduction of the evidence that intoxicating liquor was found near his home upon the ground that there was insufficient evidence of probable cause set forth in the affidavit. The prosecuting attorney conceded that the affidavit for a search warrant standing alone stated insufficient probable cause on which to issue a warrant as required by our rule expressed in O’Bean v. State, 184 So.2d 635 (Miss.1966). He then offered the testimony of the justice of the peace who issued the search warrant and the sheriff to prove that the justice of the peace had additional evidence of probable cause not set out in the affidavit. This evidence, however, did not bring the alleged violations within the time required to show that the appellant had violated the order of the court.
We hold, therefore, that the evidence obtained as a result of the illegal search of *513 appellant’s property was not admissible and should have been excluded from the consideration of the trial court. See: Ferguson et al. v. State, 250 So.2d 634 (Miss. 1971).
Moreover, there is some question as to whether or not the contraband was found at a place on the appellant’s property which was under lease to others and not subject to the control of appellant. We do not reach this issue, but in view of the entire record, we are of the opinion, and we so hold, that the decree of the chancery court finding appellant guilty of contempt should be reversed and defendant discharged.
Reversed and defendant discharged.
JONES, INZER, ROBERTSON and BROOM, JJ., concur.