308 So.2d 82 (1975)
Mrs. Judith PRESTWOOD, formerly Judith Hambrick
v.
Boriece HAMBRICK.
No. 47829.
Supreme Court of Mississippi.
February 17, 1975.
*83 W.E. Gore, Jr., Jackson, Hugh L. Bailey, Winona, L. Breland Hilburn, Jackson, for appellant.
Agnew, Agnew & Crawford, Jackson, for appellee.
WALKER, Justice:
This is an appeal from the Chancery Court of the First Judicial District of Hinds County, Mississippi, wherein the appellant was held to be in contempt of court for willfully violating a modified decree providing for the custody of minor children rendered on April 18, 1973. From the chancellor's decree of contempt and his order that appellant serve fourteen days in the Hinds County Jail (suspended upon compliance with the decree), the appellant prosecutes this appeal. We reverse and discharge.
This is another one of those unfortunate cases where problems arise over the custody and control of minor children after a divorce between husband and wife. The parties herein were divorced by decree dated November 1, 1966. Under the terms of the decree, the appellant was awarded a divorce but the husband was given the right of reasonable visitation with his two minor children.
On October 16, 1970, a decree was entered modifying the 1966 decree of divorce. Under the terms of this decree, the child support payments were increased, and the husband was entitled to have the children on the first and third weekends of each month and on alternating holidays as set out in the decree.
On April 12, 1973, a modified decree was entered. This decree did not change the visitation rights of the appellee, but appellee was ordered not to harass appellant, to notify appellant in writing prior to May 1 of each year when his summer visitation rights would begin, and on all visitation periods to pick up and return the children at the front door of the residence.
On April 18, 1973, another modified decree was entered which provided that appellant "shall see at all times that said minor children born of this marriage union visit with their father at the times and dates that said Petitioner, Boriece Hambrick, is entitled to have care, custody and control of said minors... ." This decree also required the husband to pick the children up and return them at the front door of the residence of the appellant.
On April 25, 1973, seven days after the last modified decree was entered, the appellee filed his petition charging that appellant was guilty of willful contempt for not requiring the thirteen-year-old daughter of the marriage to visit with him as provided in the decree of April 18, 1973.
Upon a hearing on the merits of the petition, the appellee, who was accompanied to appellant's home on the dates in question by his mother (apparently to be a witness), testified that on April 6 he went to pick up his children for his regular visitation rights. After arriving at appellant's house at about 1:00 p.m., both children, the daughter, thirteen years of age, and son, eleven years of age, came out to the car but his daughter went back into the house after stating to him, "I'm still not going." Whereupon appellee departed and exercised his visitation rights with his son. On April 20, appellee (and his mother) again went to the home of appellant arriving at about 7:00 p.m. On this occasion his son came out to the car but the daughter remained inside. Appellee and his mother testified that when the son came to the car appellee asked, "Where's Cindy?" The son replied, "She's not going." He went to the door and asked appellant if his daughter was coming, to *84 which appellant replied, "No... . I don't want to argue with you about it."
At this point in the proceeding, appellee rested his case and appellant's motion for a directed verdict was overruled.
The appellant then testified in her own behalf that she had talked with the daughter and explained to her that she needed to go with her father and that she had to go with him; that she urged the child to go with her father and enjoy herself; and that she explained to the daughter that the judge told her she had to go but that the child called the appellee and told him not to come to the house and cause any trouble as she was not going with him.
Cindy, the daughter of appellee and appellant, was in the courtroom but was not called to testify at the hearing by either party.
The chancellor found appellant guilty of criminal contempt and sentenced her to serve fourteen days in the Hinds County Jail which was suspended upon compliance with the decree.
The question presented for discussion here is whether the appellant did willfully and intentionally refuse to abide by the decree of April 18, 1973.
The burden of proof to establish that contempt had been committed is on the party asserting it. Tillery v. Vines, 241 Miss. 349, 131 So.2d 191 (1961).
Further, in a proceeding for criminal contempt of court the evidence of guilt must be established beyond a reasonable doubt. Ferguson v. State ex rel. Biggers, 250 So.2d 634 (Miss. 1971); Jenkins v. State, 242 Miss. 627, 136 So.2d 205 (1962).
The respondent may show by way of defense that failure to comply with a court's decree was not willful or intentional and without fault on her part.
Upon appeal of a contempt conviction, the question is whether the appellant was guilty of contempt and this Court may affirm, reverse, annul or modify the sentence or decree or order of the lower court. Paxton v. Paxton, 222 So.2d 834 (Miss. 1969).
Mississippi Code Annotated section 11-51-11 (1972) provides, in pertinent part, as follows:
A person ordered by any tribunal, except the supreme court, to be punished for a contempt, may appeal to the court to which other cases are appealable from said tribunal, and may supersede any fine imposed, by the execution of a bond, payable to the state, with two sufficient sureties to be approved by the tribunal appealed from, in a penalty to be fixed by said tribunal, not exceeding three hundred dollars, conditioned to pay the fine and costs, in case of affirmance in whole or in part. The appellant shall be entitled to bail in such cases upon the execution of an appearance bond, with two or more such sureties, in the penalty of three hundred dollars, payable to the state, conditioned to appear in the court to which his appeal is prosecuted and to abide the result of such appeal, which may be approved by the sheriff or other officer in whose custody the appellant may be. On such appeal the question shall be whether the appellant was guilty of contempt; and the sentence or decree or order of the court below may be affirmed, reversed, annulled, or modified, according to the judgment of the appellate court. All such appeals shall be tried on the record.... (Emphasis added).
Under this statute, the Supreme Court must decide from the record whether *85 the appellant was actually guilty of contempt. Ferguson v. State ex rel. Biggers, supra; Evers v. State, 241 Miss. 560, 131 So.2d 653 (1961); Ballew v. Case, 232 Miss. 183, 98 So.2d 451 (1957); Brannon v. State, 202 Miss. 571, 29 So.2d 916 (1947), and in so doing the Court is not held to the rule that they will not reverse unless the chancellor is manifestly wrong. Jenkins v. State, supra; Ballew v. Case, supra.
We have carefully reviewed this record and are of the opinion that the evidence does not show beyond a reasonable doubt that appellant did willfully and intentionally refuse to abide by the decree of the lower court. In fact the evidence is to the contrary. Appellant testified that she was trying to make the child, who is thirteen years of age, go with appellee; that she had encouraged the child to go; told her that she should go; that it was the best thing for her to go; and reminded her that the court had also told her that she should go. It is undisputed that appellant had the eleven-year-old son ready on each occasion that he was to visit his father. It appears from this evidence that appellant was doing everything reasonably within her power to have the daughter visit with appellee and that her failure to comply with the court's decree was without fault on her part.
We are of the opinion that there is insufficient proof to show, beyond a reasonable doubt, that appellant is guilty of criminal contempt as charged. Therefore, the judgment of the lower court finding appellant guilty of contempt and sentencing her to serve fourteen days in the Hinds County Jail is reversed and appellant is discharged.
Reversed and appellant discharged.
RODGERS, P.J., and PATTERSON, INZER and BROOM, JJ., concur.