816 So.2d 420 (2002)
Judy Lynn (Payne) GOODSON, Appellant
v.
William David GOODSON, Appellee.
No. 2001-CA-00494-COA.
Court of Appeals of Mississippi.
April 16, 2002.
*422 John Thomas Lamar Jr., Senatobia, attorney for appellant.
Steven Glen Roberts, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. David and Judy Goodson were granted a divorce based on irreconcilable differences on February 16, 2001. Judy was awarded primary custody of the couple's only child and David was granted liberal visitation rights. The chancellor also made provisions for the division of the marital property that the couple had not otherwise divided. On January 31, 2000, the chancellor found Judy in contempt for failing to force her daughter to comply with the chancellor's visitation schedule. On appeal, Judy argues that the she did not violate the visitation order and that the contempt order should be set aside. She also argues that the chancellor erred by not awarding her a portion of David's 401K plan in the property division.

FACTS
¶ 2. David and Judy Goodson were married on March 24, 1981, in Grenada, Mississippi. One child was born to the union, Sheri Beth Goodson, on June 25, 1986. The couple was granted a divorce on the basis of irreconcilable differences on January 10, 2001. At the time of the divorce, Judy was awarded primary custody of Sheri and David was granted liberal visitation rights.

LAW AND ANALYSIS

I. DID THE CHANCELLOR ERR IN FINDING JUDY IN CONTEMPT OF THE COURT'S VISITATION ORDER?
¶ 3. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A finding of contempt is proper when "the contemnor has willfully and deliberately ignored the order of the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss. *423 1997). Contempt matters are committed to the sound discretion of the trial court. Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991). This Court will not reverse a contempt citation where the chancellor's findings are supported by substantial credible evidence. Id.
¶ 4. The burden of proof in a case of civil contempt is by a preponderance of the evidence. Miss.Code Ann. § 11-51-12(4) (Supp.2001). The behavior necessary for a finding of contempt must amount to a willful or deliberate violation of a judgment or decree. Dunaway v. Busbin, 498 So.2d 1218, 1222 (Miss.1986).
¶ 5. The chancellor found Judy to be in contempt of court because she did not force her daughter to comply with the court's visitation schedule. The court stated that because visitation was ordered and not complied with and because Judy was in the custody of Sheri, she was in contempt regardless of whether Sheri wanted to see her father or not.
¶ 6. We find two problems with this contempt citation. First, Sheri, who was fourteen years of age, refused to comply with the visitation order and informed both of her parents that she would not visit her father. In Prestwood v. Hambrick, 308 So.2d 82 (Miss.1975), the Mississippi Supreme Court set aside a contempt citation based on the mother's failure to force her thirteen year old daughter to comply with the ordered visitation schedule. The court stated that the mother could show by way of defense that the failure to comply with the court's decree was not willful or intentional. Prestwood, 308 So.2d at 84. The court noted that the mother had talked with her daughter and explained to her that she should visit with her father as ordered by the court and otherwise urged her to visit her father. Id. The court found that the mother had done all she could to comply with the court's order and that failure to do so was not her fault. Id. at 85.
¶ 7. The facts of Prestwood are similar to the case sub judice. Sheri was fourteen at the time she refused to go with her father. At trial, Judy testified that she encouraged Sheri to visit with her father. Judy stated that she reminded Sheri that he was her father and she should spend time with him as ordered. Judy further stated that short of physically putting Sheri in her father's vehicle, she could not otherwise force the child to comply with the court's order.
¶ 8. The chancellor's order does not take into consideration the above facts and case law. Because Judy tried to make Sheri comply with the visitation order and because the child's refusal to comply was not Judy's fault, she did not act in willful violation of the court's order. Further, the language of the contempt citation itself is problematic. The chancellor did not impose a fine or penalty for the contempt violation. He stated that Judy could purge herself of the contempt by complying with the visitation order from that point forward. In the case that Judy did not rectify the contempt, the chancellor instructed her that if she were to come before him again, she would "have problems on a contempt matter." This language is not sufficiently clear or instructive. Before a person may be held in contempt of a court judgment, the judgment must "be complete within itself-containing no extraneous references, leaving open no matter or description or designation out of which contention may arise as to the meaning." Wing v. Wing, 549 So.2d 944, 947 (Miss.1989)(quoting Griffith, Mississippi Chancery Practice § 625, at 676-77 (2d ed.1950)). "Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or be the officers *424 charged with execution of the decree...." Wing, 549 So.2d at 947 (quoting, Griffith, supra, § 625). Therefore, for the foregoing reasons, the order of contempt is reversed.

II. DID THE CHANCELLOR ERR BY FAILING TO AWARD JUDY A PORTION OF DAVID'S 401K RETIREMENT PLAN?
¶ 9. This Court's guidelines for review of a chancellor's equitable division of marital assets are enumerated in Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss. 1994). The equitable distribution of marital assets is committed to the discretion of the chancellor. Arthur v. Arthur, 691 So.2d 997, 1003 (Miss.1997) (citing Ferguson, 639 So.2d at 930). The chancellor's findings will not be disturbed by this Court unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Arthur, 691 So.2d at 1003 (citing Ferguson, 639 So.2d at 930). In order to aid review, the chancellor must provide specific findings of fact with regard to property acquisition, classification of assets, and distribution of the marital estate. Henderson v. Henderson, 703 So.2d 262 (¶ 12) (Miss.1997).
¶ 10. In Johnson v. Johnson, we outlined the steps involved in the process of applying the equitable distribution factors listed in Ferguson. Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). To begin, the chancellor is to classify the parties' assets as marital or non-marital pursuant to Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994). Next, the chancellor is to value and equitably divide the marital property using the Ferguson factors as guidelines, in light of each party's non-marital property. Johnson, 650 So.2d at 1287. Then, if the marital assets, after equitable division and in light of the parties' non-marital assets, will adequately provide for both parties, then "no more need be done." Id. Finally, if an equitable division of marital property, considered with each party's non-marital assets, leaves a deficit for one party, then alimony should be considered. Id.
¶ 11. In the decree of divorce and the ruling at the hearing, the chancellor did not apply the above mentioned formula. The parties submitted to him for division several items which they could not agree as to whom would receive the property. The chancellor seemed to go down the list awarding some of the items to Judy and some of the items to David.
¶ 12. Failure by a chancellor to apply the Ferguson factors and make the requisite findings of fact and conclusions of law has been pronounced to be reversible error. Heigle v. Heigle, 771 So.2d 341 (¶ 20) (Miss.2000). In Kilpatrick v. Kilpatrick, 732 So.2d 876 (Miss.1999), the Mississippi Supreme Court reversed a chancellor for failing to make the required findings of fact and conclusions of law regarding the distribution of the marital estate. Id. at (¶ 19). In that case, the chancellor gave a listing of the actual division of marital property; however, he did not give any findings of fact or law to support his division of the marital estate. Id. at (¶¶ 15-19). The court reversed and remanded the case stating, ""[w]ithout findings from the chancellor ... we cannot determine if the distribution of property outlined above meets the standards of equitable distribution required by Ferguson." Id. at (¶ 19). The facts of Kilpatrick are similar to the case sub judice.
¶ 13. A 401K plan is marital property and subject to equitable division by the chancellor. Caswell v. Caswell, 763 So.2d 890 (¶ 14) (Miss.Ct.App.2000). "When separate plans for each spouse are not in existence, it is only equitable to allow both parties to reap the benefits of *425 the one existing retirement plan, to which both parties have materially contributed in some fashion." Selman v. Selman, 722 So.2d 547 (¶ 24) (Miss.1998).
¶ 14. The chancellor listed the items of property that each party would receive, but he did not give any findings of fact or conclusions of law in support of his decisions. Without proper findings of fact and conclusions of law by which to evaluate the chancellor's division of the marital estate, we cannot determine if there has been an abuse of discretion. As such, this case must be remanded for specific findings concerning the division of David's 401K retirement plan.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY FINDING JUDY IN CONTEMPT IS REVERSED. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY AWARDING THE ENTIRE 401K RETIREMENT PLAN TO DAVID IS REVERSED AND REMANDED FOR SPECIFIC FINDINGS AND CONCLUSIONS OF LAW IN SUPPORT OF THE DIVISION OF THE RETIREMENT PLAN. COSTS ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.