LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. This case concerns a custody modification. Holly Kathleen Jenkins McKnight and Walter Calvin Jenkins were married in 1972 and divorced in 2004. Holly and Walter had one child, Kimberly, who was born in 1996. Holly and Walter were initially awarded joint legal custody of Kimberly, with Holly having physical custody. Holly eventually remarried and moved with Kimberly to Tennessee.
¶ 2. In June 2008, Walter filed a petition for contempt, modification of custody, and temporary relief in the DeSoto County Chancery Court. The chancellor issued an order on October 12, 2008, finding a material change in circumstances that had adversely affected Kimberly. The chancellor found it was in Kimberly’s best interest to live with Walter; thus, Walter was awarded legal and physical custody of Kimberly. The chancellor also found Holly to be in contempt for interfering with Walter’s visitation and ordered her to pay $1,500 toward Walter’s attorneys’ fees. Holly did not appeal this ruling.
¶ 3. On December 29, 2008, Walter filed a petition for contempt, modification of visitation, and temporary relief. Walter alleged Holly had failed to return some of Kimberly’s belongings as previously ordered by the chancellor. Walter also asked the chancellor to require Holly to have supervised visitation with Kimberly. This was the result of an argument between- Kimberly and her grandmother, during Kimberly’s visitation with Holly. *787 Kimberly called 911. The police responded but observed Kimberly was simply upset because she felt her grandmother was trying to control her. There was no evidence of abuse.
¶ 4. Ultimately, a temporary restraining order was entered ordering Holly to return Kimberly to Walter. Around this time, Holly signed a preliminary injunction giving up her visitation rights with Kimberly. Holly did not see Kimberly for approximately twenty months. Holly filed a counter-petition for contempt, modification of visitation, modification of custody, and temporary relief. Holly also alleged Walter was abusing and neglecting Kimberly. The chancellor subsequently appointed a guardian ad litem (GAL), Kimberly Jones (Jones), to investigate the matter. Holly was ordered to pay Jones’s $1,500 retainer fee. The chancellor also ordered the Mississippi Department of Human Services (DHS) to conduct an investigation into Holly’s allegations of abuse and neglect. Neither Jones nor the DHS found evidence of abuse or neglect.
¶ 5. The matter was continued several times, and a trial was ultimately held on August 27, 2010. The chancellor found Holly to be in contempt for failure to pay a portion of Kimberly’s medical bill, and ordered her to pay $1,200. Upon the recommendation of the GAL, the chancellor ordered the parties to restart Holly’s visitation with the aid of counseling sessions. The chancellor also ordered Holly to pay Walter’s attorneys’ fees in the amount of $19, 956.67 as well as the GAL’s fees of $4,012.50. The chancellor found Holly’s request for modification of custody was without merit as Holly was unable to show a material change in circumstances detrimental to Kimberly.
¶ 6. Holly now appeals asserting the following issues: (1) the chancellor erred in finding no custody modification was warranted; (2) the chancellor erred in holding her in contempt and in failing to find Walter in contempt; (3) the chancellor erred in assessing Walter’s attorneys’ fees and the GAL fees to her and in failing to award her attorneys’ fees; (4) the chancellor erred in refusing to modify her child support; (5) the chancellor erred in excluding evidence of anything prior to the last trial; and (6) the chancellor erred in restricting the testimony of several witnesses. We have reorganized the issues for clarity and efficiency. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 7. A chancellor’s findings will not be disturbed on appeal “when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneousf,] or an erroneous legal standard was applied.” Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002) (citation omitted).
DISCUSSION
I. CUSTODY MODIFICATION
¶ 8. In her first issue on appeal, Holly contends the chancellor erred in failing to award custody of Kimberly to her. In order for a chancellor to modify a child-custody decree, the non-custodial parent must prove the following: “(1) that a material change of circumstances has occurred in the custodial home since the most recent custody decree, (2) that the change adversely affects the child, and (3) that modification is in the best interest of the child.” Powell v. Powell, 976 So.2d 358, 361 (¶ 11) (Miss.Ct.App.2008) (citing Giannaris v. Giannaris, 960 So.2d 462, 467-68 (¶ 10) (Miss.2007)).
¶ 9. During trial, Holly made several allegations concerning Walter and the purported material change in circumstances. *788 However, Holly produced no evidence to support her assertions, and the report by the GAL did not support Holly’s allegations. Although the DHS report was not included in the record, there were several references to the DHS’ findings, namely that the investigator could not find any evidence of abuse or neglect as committed by Walter. Many of Holly’s assertions relate to the period prior to her relinquishing her visitation rights, approximately twenty months prior to trial. Holly offered no evidence of any material change in circumstances during those twenty months she did not see Kimberly. We find there was substantial evidence to support the chancellor’s decision to deny Holly’s request for a modification of custody. This issue is without merit.
II. CONTEMPT
¶ 10. In her next issue on appeal, Holly contends the chancellor erred in finding her in contempt as well as finding that Walter was not in contempt. In order to find a party in contempt, the evidence must be clear and convincing. Weeks v. Weeks, 29 So.3d 80, 86 (1123) (Miss.Ct.App.2009). “The failure of a party to comply with a divorce decree is prima facie evidence of contempt.” Id. “When the moving party has shown that the respondent has failed to comply with the judgment, the burden shifts to the respondent to show that his ‘failure to comply with a court’s decree was not willful or intentional and without fault.’ ” Id. (quoting Prestwood v. Hambrick, 308 So.2d 82, 84 (Miss.1975)).
¶ 11. The chancellor found Holly in contempt for failing to follow a previous order by neglecting to pay a $1,200 medical bill for Kimberly. Holly admitted that she intentionally did not pay this particular bill. Holly was clearly in contempt for failing to pay this bill; thus, we cannot find the chancellor abused his discretion in finding so:
¶ 12. In regard to whether the chancellor erred in failing to find Walter in contempt, we also find no abuse of discretion by the chancellor. The chancellor noted Holly failed to prove that Walter was in contempt of any court order. The chancellor determined Holly wanted to penalize Walter due to her own disintegrating relationship with Kimberly. This issue is without merit.
III. ATTORNEYS’ FEES AND GAL FEES
¶ 13. In her next issue on appeal, Holly argues the chancellor erred in ordering her to pay Walter’s attorneys’ fees and the GAL fees. Holly also contends the chancellor erred in failing to award her attorneys’ fees.
¶ 14. The chancellor ordered Holly to pay $19,956.67 in Walter’s attorneys’ fees and $4,012.50 in GAL fees. The chancellor found Walter’s attorneys’ fees had been incurred for his defense of the abuse and contempt allegations. The chancellor found sanctions would be appropriate due to Holly’s unsubstantiated slander of the chancellor who had previously been involved in the case; however, the chancellor did not attribute a specific amount of his award as sanctions. In regard to the contempt action, “[a] chancellor is justified in awarding attorney’s fees that are incurred in pursuing a contempt motion.” Elliott v. Rogers, 775 So.2d 1285, 1290 (¶ 25) (Miss.Ct.App.2000). In regard to Walter’s defense of the abuse allegations, the chancellor relied upon Mississippi Code Annotated section 93-5-23 (Supp.2011), which requires a party alleging child abuse to pay court costs and reasonable attorneys’ fees incurred by the defending party if the allegations are found to be without merit. The chancellor found, pursuant to McKee *789 v. McKee, 418 So.2d 764 (Miss.1982), the attorneys’ fees incurred by Walter were reasonable and necessary. We can find no abuse of discretion by the chancellor in awarding Walter attorneys’ fees.
¶ 15. In regard to the GAL fees, the chancellor determined Holly’s unfounded abuse allegations were the reason he appointed a GAL; thus, the chancellor contended Holly should be responsible for the GAL’s fees. Section 98-5-23 also requires the party alleging child abuse to pay court costs in addition to attorneys’ fees. GAL fees have been considered court costs. Foster v. Foster, 788 So.2d 779, 782 (¶ 8) (Miss.Ct.App.2000). Thus, it was proper for the chancellor to order Holly to pay the GAL fees.
¶ 16. Holly also contends the chancellor should have awarded her attorneys’ fees. The chancellor denied Holly’s request, finding that although Holly was currently unemployed, her lifestyle revealed an ability to pay her own attorneys. Holly contends Walter alleged child abuse, and under section 93-5-28, she should be entitled to attorneys’ fees. However, the record reflects Holly initiated the DHS investigation and the appointment of the GAL, not Walter. We find the chancellor properly denied Holly’s claim for attorneys’ fees. This issue is without merit.
IV. CHILD SUPPORT
- ¶ 17. Holly next argues the chancellor erred in refusing to modify her child support. Holly had lost her job and was having trouble paying her child support. The chancellor determined Holly was in contempt of the court’s previous orders; thus, the clean-hands doctrine applied to prevent Holly from obtaining relief. It appears the chancellor’s decision was based on Holly’s failure to pay a portion of Kimberly’s medical bills. There is no mention in the record whether Holly was current in her monthly child-support payments.
¶ 18. “The clean[-]hands doctrine prevents a complaining party from obtaining equitable relief in court when he is guilty of willful misconduct in the transaction at issue.” Bailey v. Bailey, 724 So.2d 335, 337 (¶ 6) (Miss.1998). In Corkern v. Corkern, 58 So.3d 1229, 1232 (¶ 10) (Miss.Ct.App.2011), we found that an ex-husband, who was seeking a reduction in child support, had failed to comply with multiple obligations as set out in the property-settlement agreement; thus, he had unclean hands. In this instance, Holly intentionally failed to pay certain court-ordered medical expenses; thus, the chancellor properly denied her request.
¶ 19. Were we to find that the clean-hands doctrine did not apply, Holly failed to demonstrate she was entitled to a reduction. Holly’s sole argument is she is unemployed and cannot pay her child support. Holly’s sole income was unemployment benefits. Holly admitted that her current husband paid all the bills and encouraged her to stay at home full time. There was no evidence Holly was seeking other employment, and Holly continued to enjoy vacations outside the United States. In Lane v. Lane, 850 So.2d 122, 126 (¶ 12) (Miss.Ct.App.2002), we found that a party trying to show an inability to pay court-ordered support must show that he or she earned all they could and lived economically. Holly has failed to do this.
V. EVIDENTIARY RULINGS
¶ 20. Holly contends the chancellor erred in excluding evidence of events occurring prior to October 12, 2008, the date of the chancellor’s order modifying custody in favor of Walter. Since Holly was attempting to regain custody of Kimberly, we can find no abuse of discretion *790 by the chancellor in limiting the evidence and testimony to the events occurring after Walter was granted custody. Any material change in circumstances necessitating a custody change from Walter to Holly would have occurred after Walter was granted custody of Kimberly. This issue is without merit.
VI. LIMITATION OF TESTIMONY
¶ 21. In her final issue, Holly contends the chancellor erred in limiting the testimony of three witnesses. The chancellor limited the testimony of several of Holly’s witnesses to those areas identified in her discovery responses. The chancellor noted that Walter filed interrogatories requesting detailed statements of the witnesses’ proposed testimony. Holly failed to provide the appropriate responses. Discovery matters are within the chancellor’s discretion. Ladner v. Ladner, 436 So.2d 1366, 1370 (Miss.1983). We can find no abuse of discretion by the chancellor in limiting the testimony of three of Holly’s witnesses to those identified in discovery responses. This issue is without merit.
¶ 22. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.